UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE MCFARLAND,

    Petitioner,

v.                                         Case No. 07-C-1134

JODINE DEPPISCH,

    Respondent.

## ORDER

    Petitioner Jermaine McFarland filed a request for a certificate of appealability and also moves for leave to appeal *in forma pauperis* in the above matter. The Court has previously denied McFarland's petition for a writ of habeas corpus and a certificate of appealability is required in order for him to appeal his case. 28 U.S.C. § 2253(c)(2).

    The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To do so, the appellant must demonstrate that reasonable jurists could debate whether this challenge in his habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

    McFarland raised seventeen claims in his § 2255 motion, but only two of them were addressed past the Rule 4 stage. McFarland asserted that: (1) trial counsel provided ineffective assistance by failing to object to the admission of the statements of his cousin Rochelle Ray, through the testimony of witnesses Jerome Glosson, the victim's neighbor, and again through Detective

Victor Wong of the Milwaukee Police Department, in violation of his rights under the Confrontation Clause of the Sixth Amendment, and (2) trial counsel provided ineffective assistance by failing to impeach witness Glosson with regard to his prior convictions and inconsistent statements, and failing to impeach witness Illeana McNeal-Veasley, the victim, with evidence that contrary to her testimony, the bullets that struck her had been removed from her head. Although I concluded Anderson was not entitled to relief, it is conceivable that jurists could reasonably disagree that he received effective assistance of counsel. Accordingly, the request for a certificate of appealability is **GRANTED** as to McFarland's claims that counsel provided ineffective assistance by failing to object to the admission of Ray's statements, and failing to impeach witnesses Glosson and McNeal-Veasley. It is **DENIED** in all other respects, however, because none of McFarland's other claims set forth a plausible basis for relief.

McFarland also moves for leave to appeal *in forma pauperis*. I find that the appeal is sought in good faith and from my review of the trust statement from his accounts, it is clear McFarland has insufficient funds to pay the full filing fee. Accordingly, his request to proceed *in forma pauperis* on appeal is also **GRANTED**.

**SO ORDERED** this   16th   day of July, 2008.

                                       s/ William C. Griesbach
                                       William C. Griesbach
                                       United States District Judge